UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARCUS WHITEAKER                                                                    PLAINTIFF
ADC #157728

V.                              No. 2:20-CV-224-BSM-JTR

APRIL L. BRANDON, Sergeant,
East Arkansas Regional Unit, ADC, *et al*.                                  DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I. Introduction

Plaintiff Marcus Whiteaker ("Whiteaker"), a prisoner at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed a *pro se* § 1983

Complaint alleging that Defendants violated his constitutional rights. *Docs. 2*. Before Whiteaker may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Whiteaker alleges that on October 6, 2020, Defendant Sergeant April Brandon ("Brandon") falsely charged him with disciplinary violations for: (1) possession, introduction, or use of an unauthorized electronic device: (2) possession, introduction, or use of a cell phone; and (3) unauthorized use of the internet or social media, after a photo of him was posted to his Facebook account. *Doc. 2 at 4*. Whiteaker pled not guilty to the charges, contending that he had no access to an electronic device or cell phone and did not use the internet or social media, but that his sister, who controls his social media account, posted the photo to his Facebook page. *Id. at 6*.

Following a disciplinary hearing, Defendant Disciplinary Hearing Officer Janice Blake ("Blake") found Whiteaker guilty of two of the charges and sentenced him to 30 days of punitive isolation, loss of good time, a reduction in class, and loss of privileges. Whiteaker appealed Blake's decision to Defendant Deputy Warden

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Anthony Jackson ("Jackson"), who upheld the decision. Whiteaker also alleges that he submitted requests to Defendant Warden Rex Lay ("Lay"), seeking his intervention, but that Lay has not responded or intervened. *Id. at 5*.

Whiteaker claims that Defendant Blake violated his constitutional rights by filing false charges against him, and that Defendants Blake, Jackson, and Lay violated his due process rights and his Eight Amendment right against cruel and unusual punishment.

### A. Whiteaker's false charges claim against Defendant Brandon

The filing of a false disciplinary charge against an inmate is not actionable under § 1983 unless it's filed in retaliation for the inmate's exercise of a constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Whiteaker did not allege that the filing of the false disciplinary charge was done in retaliation for the exercise of a constitutional right. He therefore failed to state a plausible claim against Defendant Brandon for filing a false disciplinary charge.

### B. Whiteaker's Due Process Claims against Defendants Blake, Jackson and Lay

Whiteaker claims his due process rights were violated because the Defendants violated state laws and ADC policy in convicting him of the false charges and not overturning the disciplinary conviction on appeal.

A prisoner may maintain a due process challenge to prison disciplinary proceeding *only* if he is deemed to have a liberty interest at stake. *Sandin v. Conner*,

3

515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). "In this context, there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips*, 320 F.3d at 847; *see also Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997) ("[T]here is no § 1983 liability for violating prison policy.").

Moreover, the punishment Whiteaker received for the disciplinary violations—reduction in classification level, placement in punitive isolation for thirty days, and loss of his prison privileges—does not rise to the level necessary to implicate a liberty interest. *Sandin*, 515 U.S. 482-86; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

While Whiteaker has an arguable liberty interest in keeping his good time credits,[2] he can only pursue the restoration of those good time credits in a § 2254

---

[2] The "Due Process Clause itself does not create a liberty interest in credit for good behavior." *Sandin*, 515 U.S. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good time credits has been created by the state. *Id.* The Arkansas Supreme Court has determined that no such liberty interest was created by the Arkansas parole statutes. *McKinnon v. Norris*, 231 S.W.3d 725, 729-730 (Ark. 2006*); Koontz v. Norris,* Case No. 08-75, 2008 WL 2310973 (Ark. June 5, 2008) (unpublished opinion*).*

The Arkansas courts' interpretation of federal constitutional law is not binding on federal courts. *Baker v. Carr,* 369 U.S. 186, 211 (1962). At least three rulings from the Eastern District of have agreed with the Arkansas Supreme Court and concluded that the Arkansas parole statutes do not create a federally protected liberty interest in obtaining or maintaining good time credits. *See Williams v. Kelley*, No. 5:19-cv-00257-KGB-BD, 2019 WL 7756147, *2 (E.D. Ark. Sept. 5,

habeas action, *after* he has exhausted all of his available state habeas remedies. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley-El*, 288 F.3d at 1066–67. Similarly, only after Whiteaker has filed and prevailed on such a habeas claim, would he be in a position to pursue a § 1983 action to recover damages for the loss of the wrongfully taken good time credits. *Id.*

Accordingly, Whiteaker's § 1983 due process claim related to his disciplinary conviction should be dismissed, without prejudice.[3]

### C. Whiteaker's Eighth Amendment Cruel and Unusual Punishment Claim against Defendants Blake, Jackson, and Lay

Whiteaker also asserts that imposing a total of 36 days of punitive isolation,[4] constituted cruel and unusual punishment, which is prohibited by the Eighth Amendment. In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court explained that in order to sustain an Eighth Amendment claim, a prisoner must show

---

2019) (unpublished opinion) ("[Plaintiff] had no liberty interest in good-time credits" and therefore "there was no violation of his rights under the Due Process Clause."); *Gardner v. Hobbs,* Case No. 5:14-cv-00131-JLH-BD, 2014 WL 2993821 (E.D. Ark. July 3, 2014) (unpublished opinion); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341 (E.D. Ark. April, 2014) (unpublished opinion). However, neither the Eighth Circuit nor the United States Supreme Court have addressed the issue.

[3] Only after Whiteaker has prevailed in overturning his disciplinary conviction, in either state or federal court, can he file a § 1983 action for damages.

[4] Defendant Blake sentenced Whiteaker to 30 days of punitive isolation, but Whiteaker alleges that he served six days of punitive isolation prior to his disciplinary hearing, which was not credited against the 30 day sentence imposed by Blake, resulting in him serving a total of thirty-six days in punitive isolation.

"unnecessary and wanton infliction of pain," as well as "deprivations denying the minimal civilized measure of life's necessities." Thus, the Eighth Circuit has held that being convicted of an allegedly false disciplinary infraction does not constitute an Eighth Amendment violation unless the conditions of confinement while in administrative or punitive segregation were so harsh that they constitute cruel and unusual punishment. *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003).

In this case, Whiteaker has not alleged that the conditions of his confinement while in punitive segregation for 36 days were so harsh that they constituted cruel and unusual punishment. Accordingly, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim. *See Phillips*, 320 F.3d at 848 (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend 37 days in punitive isolation did not amount to an Eighth Amendment violation).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Whiteaker's Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be

taken in good faith.

Dated this 7th day of June, 2021.

                                                        */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE